RECEIVED
IN LAKE CHARLES, LA
JUN 03 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CODY MOREAUX, ET AL. | : | DOCKET NO. 09-396 |
| VS. | : | JUDGE MINALDI |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Pending before the court is the plaintiff's Motion to Remand this suit to the Thirty-Third Judicial District Court, Allen Parish, Louisiana. Doc. 13. For the following reasons, the Motion to Remand is DENIED.

*Background*

Plaintiffs to this action are two passengers involved in a vehicle collision that occurred on December 28, 2008, between a vehicle allegedly driven by defendant Ryan Thomas and a tractor trailer allegedly owned by defendant Lamb Fuels, Inc. (Lamb Fuels) and driven by defendant William Toarmina. Doc. 1-2, at 3-6, ¶ 2. Plaintiffs also name as defendants the insurer of Ryan Thomas, State Farm Insurance Company (State Farm), and the insurer of Lamb Fuels, Commerce and Industry Insurance Company (Commerce). *Id.* at 3-6, ¶¶ 3-4. Plaintiffs allege the defendants are jointly, severally, and *in solido* liable for injuries and damages to them arising from the accident caused by defendants' fault and/or negligence. *Id.* 3-6, ¶¶ 5-6. Plaintiffs filed their action on January 29, 2009, in the Thirty-Third Judicial District Court, Allen Parish, Louisiana.

On March 11, 2009, defendant State Farm removed this action to federal court on the

basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Doc. 1. State Farm alleges that the amount in controversy is greater than $75,000. State Farm further alleges that all defendants are diverse of citizenship from plaintiffs, with the exception of defendant Ryan Thomas. State Farm concedes that plaintiffs are citizens of Louisiana and that defendant Thomas is also a citizen of Louisiana.

According to defendant State Farm's Notice of Removal, defendant Thomas, although of the same citizenship as plaintiffs, should not be considered for purposes of determining diversity because defendant Thomas has been improperly joined in the action. State Farm conceded that plaintiffs allege in their Complaint that defendant Thomas was partially at fault in causing the incident in question but noted that the attorney representing defendant Thomas in a separate action arising from the same events represents plaintiffs.[1] State Farm argued in its Notice of Removal that "[t]here can be no question that [p]laintiffs' counsel does not intend to pursue a claim against his own client, Ryan Thomas, and plaintiffs have named Ryan Thomas as a Defendant in this action solely to defeat diversity jurisdiction." Doc. 1-1, ¶ 16. State Farm also noted that plaintiffs have failed to request service on defendant Thomas, although plaintiffs requested service on all other defendants.

On April 13, 2009, plaintiffs filed the subject Motion to Remand. Doc. 13. Plaintiffs argue that they have stated a claim against defendant Thomas pursuant to Louisiana Civil Code, article 2315(a), which provides for liability in tort under Louisiana law. Plaintiffs argue that

---

[1] The court notes that since removal, plaintiffs have substituted counsel and are no longer represented by the same attorney who filed this suit and the *Thomas* suit. *Compare* 2:09-cv-395 *with* 2:09-cv-396; *see* 2:09-cv-396, doc. 9. At the time of removal, Gary Ortego represented both Thomas and the plaintiffs in the instant matter. However, in this matter, Henri Saunders has been allowed to substitute as counsel. Notably, in the *Thomas* suit, although no motion to enter as counsel has been filed, attorney Saunders is listed as counsel and signed the pleadings seeking consolidation of the two lawsuits as well as the remand of the *Thomas* suit.

defendant Thomas may be held liable for some percentage of fault related to the incident underlying this litigation.

On May 27, 2009, defendants Commerce, Lamb Fuels, and William Toarmina filed a Memorandum in Opposition reiterating the position taken by State Farm in its Notice of Removal. Doc. 20. On May 28, 2009, defendant State Farm filed its opposition to remand making the same arguments and noting that plaintiffs Motion to Remand was not timely filed.[2] Doc. 21.

*Analysis*

I. Timeliness of Motion to Remand

Defendant State Farm argues first that plaintiffs failed to timely file their Motion to Remand. State Farm cites 28 U.S.C. § 1447(c), which states that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." Without analysis, State Farm argues that the Motion to Remand is untimely and should be denied.

A motion to remand must be denied if untimely filed and based on any defect other than a lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). In the instant matter, plaintiffs base their motion to remand on an absence of diversity jurisdiction. Plaintiffs argue that because they are citizens of Louisiana and defendant Thomas is also a citizen of Louisiana, complete diversity is lacking. Such an argument goes to this court's subject matter jurisdiction. 28 U.S.C. § 1332(a). Accordingly, plaintiffs were not required to file their Motion to Remand within thirty

---

[2] Defendant State Farm also addresses a Motion to Consolidate filed by plaintiff in the separate suit, *Ryan Thomas v. Commerce & Industry Insurance Co. et al.*, 2:09-cv-395. Arguments related to this motion will be considered in a separate memorandum order.

3

days because a lack of subject matter jurisdiction may be noted at any time prior to final judgment. 28 U.S.C. § 1447(c).[3]

State Farm is correct that plaintiffs did not file their Motion to Remand within thirty days of the filing of the Notice of Removal. The Notice of Removal was filed March 11, 2009; plaintiffs filed their Motion to Remand April 13, 2009. However, because the Motion to Remand alleges that this court lacks subject matter jurisdiction due to the absence of complete diversity between plaintiffs and defendant Thomas; defendant State Farm has not stated a basis on which this court may deny plaintiffs' Motion to Remand.

II. Improper Joinder

State Farm also argues that plaintiffs have improperly joined defendant Thomas. As noted above, State Farm argues that plaintiffs do not intend to proceed against defendant Thomas because defendant Thomas has never been served with process. Defendants also note that in a separate lawsuit arising from the same facts Thomas is the plaintiff against the named defendants to this suit and is represented by the same attorney as plaintiffs here.

A defendant may establish improper joinder in one of two ways, "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003); *see also Smallwood v. Illinois Central Railroad Co. (Smallwood II)*, 385 F.3d 568 (5th Cir. 2004)

---

[3] A separate line of cases, inapplicable here, holds that the presence of an "in-state" defendant is a procedural, waivable, defect. Specifically, where parties are diverse, but plaintiff chooses to file suit in defendant's forum state an action is not removable because defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). This is known as the "forum defendant" rule. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378 (5th Cir. 2009). The Fifth Circuit has noted that where a defendant removes a case despite the forum defendant rule, such removal is defective in procedure only and subject to the thirty day limit on seeking remand. *Id.* at 392-93 (citing *In re Shell Oil Co.*, 932 F.2d 1518 (5th Cir. 1991). "Although the defendants were citizens of the forum state, the district court still had subject matter jurisdiction because complete diversity existed. Thus the district court, which clearly had subject-matter jurisdiction, based its remand order on the lack of removal jurisdiction under § 1441(b)." *Id.* at 393 (quoting *Shell Oil*, 932 F.2d at 1519). "The removal in violation of § 1441(b) was thus a *defect in removal procedure*, which our court found to be waived, because the plaintiffs failed to move for remand within the requisite 30-day period. *Id.* (citing *Shell Oil*, 932 F.2d at 1523).

(en banc). Defendants do not allege a fraud in the jurisdictional facts; thus the second test applies.

When a court considers whether a defendant has established improper joinder due to the inability of the plaintiff to establish a cause of action against the allegedly improperly joined party in state court, the court must determine whether the removing defendant has demonstrated that there is no possibility of recovery by the plaintiff against the defendant alleged to be improperly joined. *Smallwood II*, 385 F.3d at 573. "If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved then there is no fraudulent joinder. This *possibility, however, must be reasonable*, not merely theoretical." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (emphasis in *Travis*; internal citations and quotations omitted)).

In *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999), the Fifth Circuit found a plaintiff's failure to serve an in-state defendant with process indicative of improper joinder. After noting that plaintiff's petition failed to state any actionable conduct on the part of the in-state defendant, Blum, the court went on to note:

> Moreover, we note that notwithstanding Blum's identity as a defendant, Griggs did not make any attempt to serve Blum with either the original or the amended petition. In the district court, Griggs' counsel initially represented that there had been some difficulty achieving service of process, but later abandoned that assertion when State Farm Lloyds produced evidence that Blum had been in the same business location for twelve years and that Griggs had been to that location on several occasions. We conclude that Griggs' pleadings, standing alone, do not set forth actionable claims against Blum. Moreover, the record does not support any inference that Griggs intended to actively pursue claims against Blum.

5

*Id.*

Several district courts within this circuit have also considered whether a removing defendant may establish improper joinder by a plaintiff's failure to serve in-state defendants. *Berggreen v. Sallie Mae, Inc.*, 2008 WL 2038910, *3 (M.D. La. May 12, 2008) ("Plaintiff filed her petition almost a year ago, and she has neither requested an extension under Fed. R. Civ. P. 4(m), nor expressed any intention to take further steps to locate Farragut in order to perfect service on him. The failure to serve a defendant within 120 days will result in a dismissal under Rule 4; thus, plaintiff's inaction evidences an abandonment of any claim she would have had against Farragut."); *Feltus-Jackson v. State Farm Fire & Casualty*, 2008 WL 474221, *2, n.1 (E.D. La. Feb. 14, 2008) ("The instant complaint was filed on August 28, 2007, it is now February 14, 2008, well in excess of the 120 day requirement [of Fed. R. Civ. P. 4(m)]. Plaintiffs prolonged failure to serve Clear Skies further suggests that Clear Skies was added to this litigation simply to attempt to defeat diversity jurisdiction."); *Dugas v. Washington Mut.*, 2005 WL 2234639, *3 (E.D. Tex. Sept. 13, 2005) ("Defendants argue that lack of service on Defendant Kelm is conclusive evidence that Plaintiff did not intend to actively pursue any claims against Kelm, and as such, Defendant Kelm was improperly joined. . . . There is evidence that the actual name of Defendant Kelm was obscured on the insurance sheet, and Plaintiff did not originally have the correct name. This, then, is a different case from where a Plaintiff knew of a Defendant's location, and failed to serve that person. The failure to serve does not demonstrate improper joinder of Defendant Kelm in this case.")

The case *Taylor v. Money Store, Inc.*, 2006 WL 1666715 (N.D. Miss. June 15, 2006) is particularly apposite to the facts of the instant case. In *Taylor*, the district court applied the

improper joinder analysis to find plaintiff's failure to serve in-state defendants indicative of an improper joinder intended to defeat federal diversity. On April 30, 2003, plaintiffs, residents of Mississippi, filed suit in Mississippi state court against several defendants, naming two in-state defendants. *Id.* at *1. On July 18, 2003, the non-resident defendants removed the case to federal court alleging improper joinder due in part to plaintiffs' failure to serve the Mississippi defendants. *Id.* The court remanded on September 30, 2004, based in part on the presumption that the resident defendants would soon be served with process. *Id.* On May 9, 2005, the non-resident defendants removed the case a second time noting that eight months after remand plaintiffs still had not served the Mississippi defendants. *Id.*

The *Taylor* court made two considerations in determining that it should deny plaintiffs' Motion to Remand the case a second time. *Id.* First, because the defendants' second removal occurred more than one-year after the suit was filed in state court, the court applied *Tedford*[4] equity to the one-year deadline on removal of cases in which this court's subject matter is based on diversity. The court found an equitable exception to the rule because "plaintiffs offered no justifiable reason for never serving the Mississippi-resident defendants some three years after the Complaint was filed on April 30, 2003." *Id.*

The court next considered whether the Mississippi defendants were improperly joined to defeat diversity. Quoting the *Travis*[5] court for its holding that there must be a *reasonable basis* rather than a *theoretical possibility* of recovery under state law, the *Taylor* court held:

> Given that one must serve a defendant within 120 days after filing the Complaint, and given that the plaintiffs have never served the Mississippi defendants some three years after the Complaint was filed, there is no reasonable basis for predicting that state law might impose liability on the facts involved. The court concludes

---

[4] *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 (5th Cir. 2003)
[5] 326 F.3d 644.

> improper joinder, therefore, the motion to remand should be denied and the Mississippi defendants should be dismissed from this case.

*Id.* at *2.

The case *Joe v. Minnessota*, 257 F. Supp. 2d 845, 846 (S.D. Miss. 2003), *reconsideration denied*, 272 F. Supp. 2d (S.D. Miss. 2003), is also particularly relevant to this court's analysis. In *Joe*, the district court noted that "the unusual behavior of the plaintiff and the Mississippi defendant has lead the Court to suspect a collusive attempt, between these supposed adversaries, to deprive this Court of jurisdiction." On March 11, 2002, plaintiff Joe, a resident of Mississippi, sued several Minnesota insurance defendants and two Mississippi residents, Charles Douglass Gulley, Jr. and his defunct corporation, C. Douglass Gulley, Jr. and Associates, Inc., in Mississippi state court. *Id.* at 846-47. Plaintiff stated twelve claims against the Mississippi defendants arising from the alleged fraudulent conduct of Gulley as an agent of Minnesota Life Insurance Company. *Id.*

The Minnesota defendants timely removed the action, alleging improper joinder of the Mississippi defendants because any cause of action against them was precluded by the expiration of the statute of limitations. *Id.* at 847. Plaintiff argued that only the Mississippi defendants had standing to assert the statute of limitations defense, and they failed to do so. *Id.* Plaintiff also argued that Carlisle, attorney for the Mississippi defendants, had not filed an Answer to plaintiff's Complaint "because the action was stayed in state court pending remand." *Id.* Plaintiffs produced an affidavit of Carlisle executed on September 13, 2002, stating that he had accepted service on behalf of Gulley and his corporation. *Id.* On October 2, 2002, Gulley filed his Answer. *Id.* at 848. In the Answer, Gulley admitted all plaintiff's allegations and stated that, on information and belief, the Minnesota defendants were guilty of all allegations made against

8

them. *Id.* Gulley raised no affirmative defense, including the statute of limitations defense. *Id.*

The court found that Carlisle was aware of the valid defense, yet intentionally omitted it. *Id.* at 848-49. The court concluded that "it is clear that the only effect of defendant Gulley's presence in this lawsuit is that of assistance to plaintiffs." *Id.* at 849. "From the failure to raise a valid defense, to the provision of a helpful affidavit, and the use of an Answer to assail fellow defendants in this action, all the evidence points to the conclusion that defendant Gully is more aligned with the plaintiff than with the Minnesota defendants." *Id.* Thus, the court held that the joinder of the Gulley defendants constituted a fraudulent attempt to defeat the Minnesota defendants' statutory right to removal. *Id.* (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 99, 42 S. Ct. 35, 66 L. Ed. 144 (1921); *In Re: Diet Drugs*, 220 F.Supp.2d 414 (E.D. Pa. 2002)).

In the instant case, plaintiffs have failed to serve defendant Thomas although they suit filed suit over 120 days ago, on January 29, 2009.[6] Plaintiffs specifically requested service on defendants Commerce, Toarmina, Lamb Fuels, and State Farm, but did not request service on Thomas. Plaintiffs provide no reason for their failure to serve defendant Thomas. Nor can the court conceive any reason their failure might be excused. As in *Griggs*, plaintiffs cannot argue that there has been some difficulty in achieving service of process—the location of defendant Thomas is known to plaintiffs as counsel for plaintiffs at the time of removal also represented

---

[6] A district court must look to state law to ascertain whether service was properly made prior to removal; however service may be effected in the district court and federal law applies. *Freight Terminals, Inc. v. Ryder System, Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972).
Pursuant to the Louisiana Code of Civil Procedure, article 1201, "Citation and service thereof are essential in all civil actions" with few irrelevant exceptions. La C. Civ. P. art. 1201(a). Without citation and service, "all proceedings are absolutely null." *Id.* art. 1201(a)-(b). Under state law, "[s]ervice of the citation shall be requested on all named defendants within ninety days of commencement of the action." *Id.* art. 1201(c). However, the provision is presumed waived unless the defendant files a declinatory exception of insufficiency of service of process. *Id.*
According to Fed. R. Civ. P. 4(m) if a defendant is not served within 120 days after the complaint was filed, the court, on motion or on its own, must dismiss the action or order service made within a specified time.

Thomas in his separate action arising from these facts. *Griggs*, 181 F.3d at 699. Instead, because plaintiffs failed to request service on Thomas, "the record does not support any inference that [plaintiffs] intend[] to actively pursue claims against [Thomas]." *Id.*

Moreover, the facts and circumstances of these proceedings and the related proceedings in *Thomas v. State Farm Automobile Insurance Co., et al.*, 2:09-cv-395 smack of a collusive attempt between plaintiffs and defendant Thomas to thwart federal jurisdiction. In the instant action, defendant Thomas has a valid defense against claims brought against him because he has not been served with process. Yet he has failed to raise that defense. Instead, in the *Thomas* action, Thomas seeks to consolidate that action with this action on the grounds that the two actions arise from the same events. Doc. 11. Thomas would then have this court remand the consolidated action on the basis that his being named as a defendant in this suit defeats jurisdiction in the suit in which he is a plaintiff. Doc. 12. As in the *Joe* case discussed above, from the failure to raise a valid defense, to the filing of a Motion to Consolidate in an attempt to defeat jurisdiction in his own case, to the representation of Thomas by the same attorney as plaintiffs, all the evidence points to the conclusion that defendant Thomas is more aligned with the plaintiff than with the diverse defendants. 257 F. Supp. 2d at 849. "[I]t is clear that the only effect of defendant [Thomas's] presence in this lawsuit is that of assistance to plaintiffs." *Id.*

*Conclusion*

In accordance with the foregoing, plaintiffs' Motion to Remand [doc. 13] is denied. Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72(a), a party may object to this order on the grounds that it is clearly erroneous or contrary to law within 10 days of service.

Additionally, pursuant to Fed. R. Civ. P. 4(m) and Local Rule 41.3W, in conjunction with

this Order, the undersigned will file a Report and Recommendation to the district judge that defendant Thomas be dismissed from this action without prejudice due to plaintiffs failure to effectuate service on him.

Thus done and signed in chambers in Lake Charles, Louisiana, this 2rd day of June, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE