RECEIVED
IN LAKE CHARLES, LA
JUN 2 3 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CODY MOREAUX AND JUSTIN TAYLOR | : | DOCKET NO. 09-CV-396 |
| VS. | : | JUDGE MINALDI |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, COMMERCE & INDUSTRY INSURANCE COMPANY, LAMB FUELS, INC., WILLIAM TOARMINA, AND RYAN THOMAS | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) & (3) for lack of personal jurisdiction and improper venue, filed by defendants Commerce & Industry Insurance Company, Lamb Fuels, Inc., and William Toarmina (hereinafter collectively "the defendants") [doc. 3]. On April 3, 2009, Judge Trimble granted the plaintiffs' motion for extension of time to file a response [doc. 11]. The plaintiffs, Cody Moreaux and Justin Taylor, were given until April 27, 2009 to respond. On April 30, 2009 the defendants filed a Reply, which noted the lack of opposition to their motion to dismiss [doc. 22]. The plaintiffs then filed a response on May 1, 2009 without leave to file an untimely response [doc. 23].

Magistrate Judge Kay denied the plaintiffs' motion to remand on June 3, 2009, [doc. 24],[1]

---

[1] The ruling stated that the plaintiffs had ten days in which to object. The plaintiffs have not filed an objection.

1

and therefore the issue of subject matter jurisdiction in federal court is proper, and this motion is ready for consideration.

This matter arises out of an automobile accident that occurred in Monticello, Florida on December 28, 2008.[2] The plaintiffs are both Louisiana residents.[3] The plaintiffs brought suit on January 29, 2009 in the 33rd JDC, in Allen Parish, Louisiana.[4]

## **RULE 12(B)(2) STANDARD**

When "the district court conducted no evidentiary hearing, the party seeking to assert jurisdiction must present sufficient facts as to make out only a prima facie case supporting jurisdiction." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). This Court "must accept as true that party's uncontroverted allegations, and resolve in its favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Id.*

The "Due Process Clause of the Fourteenth Amendment protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Jurisdiction can be general or specific. *Luv N' care v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). General jurisdiction arises when a defendant has "continuous and systematic general business contacts" with the forum state. *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984)). Even when contacts with the forum state are less pervasive, the court may

---

[2] Def.'s Ex. 5 (Hook Aff.) ¶ 1; *see also* Def.'s Ex. 5 (Toarmina Aff.) ¶ 1.

[3] Compl. [doc. 1].

[4] *Id.*

still exercise personal jurisdiction over the non-resident defendant "in a suit arising out of or related to the defendant's contacts with the forum." *Id.* (quoting *Helicopteros*, 466 U.S. at 414 n.8).

The Fifth Circuit employs a three-step analysis when determining whether specific jurisdiction is present:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Nuovo Pignone*, 310 F.3d at 378 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). Moreover, although the forum state may impose additional jurisdictional restrictions, the Louisiana long-arm statute[5] "permits jurisdiction coterminous with the scope of the Due Process Clause" and therefore "[t]hese two inquiries merge into one." *Id.*

As to the first inquiry for specific jurisdiction–whether a defendant has minimum contacts with Louisiana–the court must identify some act whereby the non-resident defendant "purposefully availed" itself of the privilege of Louisiana laws. *Luv N' care*, 438 F.3d at 469-70. The defendant must "reasonably anticipate being haled into court" in Louisiana. *Id.* at 470 (quoting *World Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Even if a defendant has sufficient "minimum contacts" with the forum state, "the underlying cause of action must also satisfy the second inquiry and 'arise out of' the defendant's contacts with the forum state." *Id.* at 472. If minimum contacts exist and the underlying cause of action is related to the defendants' contacts with

---

[5] La. Rev. Stat. Ann. § 13:3201(B).

3

the forum state, then the burden of proof shifts to the defendants to show the exercise of jurisdiction would be unreasonable. *Nuovo Pignone*, 310 F.3d at 382. When considering the "fairness" prong, the Fifth Circuit examines:

> (1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies.

*Luv N' care*, 438 F.3d at 473.

## ANALYSIS

### I.) Defendants Mr. Toarmina and Lamb Fuels

Based on the complaint, it is unclear whether the plaintiffs assert general or specific jurisdiction. In the complaint, the plaintiffs state that Mr. Toarmina is a resident and that Lamb Fuels is authorized to do business in Louisiana; however, both parties were served through the Louisiana long-arm statute in Florida.[6] Because it is unclear from the complaint alone, and because the plaintiffs' opposition urges this Court to decide the Motion to Remand before deciding the personal jurisdiction matter without responding to the arguments articulated in the defendants' motion to dismiss, out of an abundance of caution, the undersigned shall consider whether either general or specific jurisdiction is present. For the reasons stated below, there is no personal jurisdiction over either Mr. Toarmina or Lamb Fuels.

This Court does not have general jurisdiction over either Mr. Toarmina or Lamb Fuels. Mr. Toarmina is domiciled in Florida, has no ties with Louisiana, does not own any property in Louisiana, has no business dealings with Louisiana, has never paid and does not owe taxes in

---

[6] Compl. [doc. 1].

Louisiana, and is not registered to vote in Louisiana.[7] Similarly, Lamb Fuels is incorporated in California, has its principal place of business in California, does not own property in Louisiana, and does not have, nor has ever had, an office, bank account, telephone listing, company record, or registered agent for service of process in Louisiana.[8] Thus, there are no "continuous and systematic general business contacts" between either defendant and Louisiana that could confer general jurisdiction. This conclusion is further bolstered by the Fifth Circuit's recent consideration of general jurisdiction in *Johnston v. Multidata Systems International Corporation*, where it summarized the relevant jurisprudence "to illustrate just how difficult it is to establish general jurisdiction." 523 F.3d 602, 610-18 (5th Cir. 2008).

Furthermore, Mr. Toarmina and Lamb Fuels do not have sufficient minimum contacts with Louisiana for this Court to exercise specific jurisdiction. This Court cannot find a specific action whereby Mr. Toarmina or Lamb Fuels purposefully availed itself of the privilege of Louisiana laws. Moreover, even if there were "minimum contacts," which there are not, the underlying cause of action does not "arise out of" the defendants' contacts with Louisiana. Here, the automobile accident at the heart of this lawsuit occurred in Florida,[9] a fact that is fatal to the exercise of jurisdiction. The cause of action does not arise out of any contacts with Louisiana. Because neither the minimum contacts prong nor the "arising out of" prong are present, this Court need not examine whether the exercise of specific jurisdiction would be unreasonable.

---

[7] Def.'s Ex. 5 (Toarmina Aff.). Mr. Toarmina was served with this complaint pursuant to the Louisiana long-arm statute in Florida. Compl. [doc. 1].

[8] Def.'s Ex. 5 (Barbara Hook Aff.). Lamb Fuels was served with the complaint in Florida pursuant to Louisiana's long-arm statute. Compl. [doc. 1].

[9] Def.'s Ex. 5 (Hook Aff.) ¶ 1; *see also* Def.'s Ex. 5 (Toarmina Aff.) ¶ 1.

II.) Defendant Commerce

Commerce is the alleged insurer of Mr. Toarmina and Lamb Fuels. Commerce argues that it too should be dismissed for lack of personal jurisdiction because Louisiana law only provides for a direct action against the insurer alone "in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by [Louisiana] Code of Civil Procedure article 42 only." La. Rev. Stat. Ann. § 22:1269(B). Commerce therefore argues that because the accident did not occur in Louisiana, the Louisiana Direct Action Statute cannot provide personal jurisdiction over Commerce.

At the outset, personal jurisdiction is a separate inquiry from whether a plaintiff can bring suit pursuant to the direct action statute. *Esteve v. Allstate Ins. Co.*, 351 So.2d 117, 118 (La. 1977). The right to maintain a direct action against the insurer of an alleged tortfeasor under the Louisiana statute exists only where "(1) the accident occurred in Louisiana, or (2) the policy was issued or delivered in Louisiana." *Id.* at 120. Because this Court dismissed Mr. Toarmina and Lamb Fuels, and because the defendants submit uncontroverted evidence that the accident occurred in Florida, the plaintiffs cannot maintain a direct action against insurer Commerce pursuant to La. Rev. Stat. Ann. § 22:1269(B) based on the first scenario. Commerce, however, does not present evidence that the policy was not issued or delivered in Louisiana, and therefore this Court cannot dismiss the action against Commerce pursuant to La. Rev. Stat. Ann. § 22:1269(B) at this time.[10]

## CONCLUSION

IT IS ORDERED that the defendants' motion to dismiss, [doc. 3], is hereby GRANTED in

---

[10] Nothing in this Memorandum Ruling precludes Commerce from filing a motion for summary judgment with additional evidence.

part and DENIED in part;

IT IS FURTHER ORDERED that the motion to dismiss Mr. Toarmina and Lamb Fuels pursuant to Fed. R. Civ. P. 12(b)(2) is hereby GRANTED, and these parties are hereby DISMISSED;[11]

IT IS FURTHER ORDERED that the motion to dismiss Commerce pursuant to La. Rev. Stat. Ann. § 22:1269(B) is hereby DENIED.

Lake Charles, Louisiana, this 23 day of June, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[11] The defendants alternatively filed a Rule 12(b)(3) motion to dismiss for improper venue. Because this Court concludes that it lacks personal jurisdiction over Mr. Toarmina and Lamb Fuels, it need not consider the defendants' alternative motion.