RECEIVED
IN LAKE CHARLES, LA

AUG 12 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| CODY MOREAUX AND JUSTIN TAYLOR | : | DOCKET NO. 09-CV-396 |
| VS. | : | JUDGE MINALDI |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, COMMERCE & INDUSTRY INSURANCE COMPANY, LAMB FUELS, INC., WILLIAM TOARMINA, AND RYAN THOMAS | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a motion for summary judgment, filed by defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") [doc. 29].[1] Plaintiffs Cody Moreaux and Justin Taylor (hereinafter collectively "the plaintiffs") filed an opposition [doc. 33]. State Farm filed a reply [doc. 34]. This matter arises out of an automobile accident that occurred in Monticello, Florida on December 28, 2008.[2] The plaintiffs brought suit on January 29, 2009 in the 33rd JDC, in Allen Parish, Louisiana.[3] The plaintiffs are suing State Farm in its capacity as Mr. Thomas' uninsured motorist (hereinafter "UM") carrier.

---

[1] This motion is identical to the motion filed by State Farm in case 09-cv-395 against plaintiff Ryan Thomas. Both lawsuits pertain to the same automobile accident.

[2] Def.'s Mot. for Summ. J., at 1.

[3] Compl. [doc. 1].

1

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party. . . ." *Id.*

## LAW

At issue in this motion is whether Mr. Thomas executed a valid waiver of his UM insurance. In Louisiana, UM insurance coverage is governed by La. Rev. Stat. Ann. 22:1295 (formerly 22:680), which provides:

> The following provisions shall govern the issuance of uninsured motorist coverage in this state:

2

(1)(a)(i) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Section unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death resulting therefrom; however, the coverage required under this Section is not applicable when any insured named in the policy either rejects coverage, selects lower limits, or selects economic-only coverage, in the manner provided in Item (1)(a)(ii) of this Section. In no event shall the policy limits of an uninsured motorist policy be less than the minimum liability limits required under R.S. 32:900, unless economic-only coverage is selected as authorized herein. Such coverage need not be provided in or supplemental to a renewal, reinstatement, or substitute policy when the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer or any of its affiliates. The coverage provided under this Section may exclude coverage for punitive or exemplary damages by the terms of the policy or contract. Insurers may also make available, at a reduced premium, the coverage provided under this Section with an exclusion for all noneconomic loss. This coverage shall be known as "economic-only" uninsured motorist coverage. Noneconomic loss means any loss other than economic loss and includes but is not limited to pain, suffering, inconvenience, mental anguish, and other noneconomic damages otherwise recoverable under the laws of this state.

(ii) Such rejection, selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A

properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage. The form signed by the insured or his legal representative which initially rejects coverage, selects lower limits, or selects economic-only coverage shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates. An insured may change the original uninsured motorist selection or rejection on a policy at any time during the life of the policy by submitting a new uninsured motorist selection form to the insurer on the form prescribed by the commissioner of insurance. Any changes to an existing policy, regardless of whether these changes create new coverage, except changes in the limits of liability, do not create a new policy and do not require the completion of new uninsured motorist selection forms. For the purpose of this Section, a new policy shall mean an original contract of insurance which an insured enters into through the completion of an application on the form required by the insurer.

The purpose of UM coverage "is to provide full recovery for automobile accident victims who suffer damages caused by a tortfeasor who is not covered by adequate liability insurance." *Duncan v. U.S.A.A. Ins. Co.*, 2006-cc-363 (La. 11/29/2006); 950 So.2d 544, 547. UM law is governed both by contractual provisions and by La. Rev. Stat. 22:1295, and accordingly, UM coverage is read into every automobile liability policy "unless validly rejected." *Id.* The insurer must prove a valid rejection of UM coverage. *Gray v. Am. Nat'l Prop. & Cas. Co.*, 2007-1670 (La. 2/26/08); 977 So.2d 839, 845.

The Louisiana Supreme Court has found that "six tasks" are required for a valid waiver of UM insurance:

> (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal

4

representative; (5) filling in the policy number; and (6) filling in the date.

*Duncan*, 950 So.2d at 551 (finding that the failure to include the policy number on the waiver rendered the waiver invalid).

In *Gray*, the Louisiana Supreme Court noted that the Commissioner of Insurance's regulations permit omission of the policy number if it does not exist at the time the waiver form is completed. 977 So.2d at 847 n.2 (citing *Carter v. State Farm Mut. Auto. Ins. Co.*, 07-1294 (La. 10/5/07); 964 So.2d 375). The *Gray* court further noted that Insurance Commissioner Bulletin LIRC 98-03 provides that if a policy number is unavailable, "the space for the policy number may be left blank or a binder number may be inserted." *Id.* (noting that in a case where the policy number is unavailable, only "five tasks" would be required for a valid waiver, rather than six tasks).

## ARGUMENTS

Mr. Thomas had an insurance policy with State Farm at the time of the accident, policy number 122 9352-D12-1 8C.[4] The Declarations page states that "insured rejects uninsured motorist coverage."[5] On October 12, 2006, Mr. Thomas signed the UM Motorist Bodily Injury Coverage form and checked the box reading "I do not want UMBI Coverage."[6] The policy number listed on the UM waiver reads "18-1858-1446."[7]

State Farm argues that this Court should dismiss all claims against it because Mr. Thomas

---

[4] Def.'s Ex. A.

[5] *Id.*

[6] *Id.*

[7] *Id.*

properly and validly rejected UM coverage in connection with the procurement of the policy.[8] State Farm maintains that even though the form was executed at the inception of a different policy period, it is still valid and enforceable. State Farm cites La. Rev. Stat. Ann. 22:1295, which provides that the form initially rejecting coverage "shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal policy is issued to the same named insured," as support for its argument that an initial valid rejection of UM coverage is also valid for renewal policies. *See also Rashall v. Pennington*, 08-0001 (La. App. 3d Cir. 4/30/08); 982 So.2d 301, 305 (finding that "[a]bsent evidence that [the insured] submitted a new UM selection form," the original rejection of UM insurance remained valid).

The plaintiffs argue that the UM rejection is invalid because the policy number on the UM selection form does not match the policy number on the current policy's declarations page.[9] Relying upon *Duncan*, the plaintiffs argue that if a UM rejection form does not contain a policy number, it is not properly completed and does not constitute a valid waiver of UM insurance. The plaintiffs argue that an inaccurate policy number must likewise render it invalid.

In reply, State Farm rejects the argument that the UM waiver is invalid because the policy numbers do not match. State Farm submits an affidavit from State Farm employee Melinda Tyler, who states that State Farm received the insurance application from Mr. Thomas on October 12, 2006, resulting in a policy numbered 1229352 D12.[10] The UM rejection form bears a temporary policy number, 18-1858-H46, which was later replaced with the policy number 1229352 D12 when the

---

[8] *Id.*

[9] *Id.*

[10] Def.'s Ex. A (Melinda Tyler Aff.) [doc. 32-2].

policy was issued.[11] The final policy number does not appear on the UM form because the policy had not yet been issued.[12] Following the initial issuance of the policy, there were several subsequent transactions that altered the policy number.[13]

## ANALYSIS

This Court finds that Mr. Thomas executed a valid waiver of his UM insurance coverage, as required by La. Rev. Stat. Ann. 22:1295. Mr. Thomas' reliance upon *Duncan* for his argument that a UM waiver is invalid if it contains an incorrect policy number, is misplaced. In 2008, the Louisiana Supreme Court clarified its *Duncan* holding by noting that a waiver omitting a policy number is valid if the policy number is unavailable. *Gray*, 977 So.2d at 847 n.2 (noting that the space for the policy number may be left blank or a binder number may be inserted if the policy number is unavailable). This Court finds that placing a temporary policy number on the UM form, where the final policy number was not yet available is analogous to the policy number being left blank because it is unavailable. This Court therefore concludes that State Farm has met its summary judgment burden of demonstrating that Mr. Thomas executed a valid UM waiver. Pursuant to La. Rev. Stat. Ann. 22:1295, the waiver remains valid unless the insurer submits a new UM form. Nothing in the record indicates that Mr. Thomas changed his election to request UM coverage; accordingly,

IT IS ORDERED that the motion for summary judgment, [doc. 29], is hereby GRANTED and this case is hereby DISMISSED in its entirety.

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

7

Lake Charles, Louisiana, this __10__ day of __August__, 2009.

                                                             PATRICIA MINALDI
                                                             UNITED STATES DISTRICT JUDGE